**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 08-00099-KD-C |
| | ) |
| DEBORAH CALDERON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion for Early Termination of Supervised Release (Doc. 100) filed *pro se* by Defendant Deborah Calderon ("Calderon"). Upon consideration, the Court finds that the motion is due to be **GRANTED**.

A review of the record indicates that on May 20, 2008, Calderon pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. (Doc. 47). On August 29, 2008, the Court sentenced Calderon to 40 months in prison followed by a five-year term of supervised release. (Doc. 66). The Probation Officer assigned to this case has advised the Court that Calderon's term of supervised release began on March 21, 2011. While not recommending either in favor of or against early termination, the Probation Officer notes that Calderon appears to be compliant with her terms of supervised release, has maintained full-time employment, requested and, on March 1, 2012, successfully completed outpatient substance abuse treatment, and has had all negative urinalyses. Though granted an opportunity to object to the motion (Doc. 101), the Government has not done so.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Having considered the relevant factors set forth in § 3583(e)(1) and § 3553(a) — particularly Calderon's characteristics and the imperative to impose a sentence sufficient, but not greater than necessary, to afford adequate deterrence to criminal conduct and protect the public from further crimes by her – the Court finds that Calderon's post-incarceration conduct warrants termination of supervision and that such termination would be in the interest of justice. As "the relief sought is favorable to [Calderon] and does not extend the term . . . of supervised release[,]" and as "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so[,]" no hearing is required prior to granting such relief. Fed. R. Crim. P. 32.1(c)(2).

Accordingly, it is **ORDERED** that Calderon's motion (Doc. 100) is **GRANTED**, the supervised release term imposed on August 29, 2008, is **TERMINATED**, and Calderon is **DISCHARGED** from supervision.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Calderon at her address provided in the motion.

**DONE** and **ORDERED** this the **19th** day of **September 2013**.

>　/s/ Kristi K. DuBose
>　**KRISTI K. DuBOSE**
>　**UNITED STATES DISTRICT JUDGE**